UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOBBY RICHARD WALLEN,       :    Case No. 1:05-cv-799
                      :
      Plaintiff,         :    Dlott, J.
                      :    Black, M.J.
vs.                     :
                      :
CINCINNATI CHILDREN'S     :
MEDICAL CENTER,         :
                      :
      Defendant.       :

## REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE BE DISMISSED WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(B); AND (2) THIS CASE BE CLOSED

Plaintiff brings this case *pro se* claiming that defendant, his former employer, terminated his employment, and failed to make a reasonable accommodation for his diabetes, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (*See* Doc. 3.)  Plaintiff filed his complaint on December 7, 2005.

On March 10, 2006, the Court ordered plaintiff to show cause in writing, within thirty (30) days of the date of the Order, why his Complaint should not be dismissed for lack of prosecution.  (Doc. 14.) Grounds for the proposed dismissal included plaintiff's apparent failure to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), and to supply the Court with notice of any and all changes in his address, *see Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1

---

[1]     Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(6th Cir. May 2, 1994) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)).

Plaintiff has not responded to the Court's Order To Show Cause and has not filed any Motion, Memoranda, or other paper in this case since December 7, 2005, when he filed his Complaint.

Although the Court prefers to adjudicate cases on their merits, plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause, by not advising the Court with changes in his address, and by not prosecuting his case in any manner since filing his Complaint more than four months ago. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Jourdan*, 951 F.2d at 110; *Hobson v. Department of Treasury*, No. 99-1274, 2000 WL 145170 (6th Cir. Feb. 1, 2000).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's complaint (Doc. 3) be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) and that this case be **CLOSED**.


Date: __4/12/06_____          s/Timothy S. Black_____
                               Timothy S. Black
                               United States Magistrate Judge

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOBBY RICHARD WALLEN, : Case No. 1:05-cv-799
 :
   Plaintiff, : Dlott, J.
 : Black, M.J.
vs. :
 :
CINCINNATI CHILDREN'S :
MEDICAL CENTER, :
 :
   Defendant. :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).